**CT Corporation**

**Service of Process Transmittal**
08/13/2013
CT Log Number 523300148

TO: Barbara Hyman
CNA Financial Corporation
333 South Wabash
Chicago, IL 60604

RE: **Process Served in District of Columbia**

FOR: The Continental Insurance Company (Domestic State: PA)

96130836
6X

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Biastar Mechanical, Inc., Pltf. vs. The Continental Insurance Company, Dft. |
| DOCUMENT(S) SERVED: | Initial Order, Addendum, Summons, Document in a Foreing Language, Complaint |
| COURT/AGENCY: | Superior Court of the District of Columbia Civil Division, DC
Case # None Specified |
| NATURE OF ACTION: | Insurance Litigation - Bond - Construction/Contractor's/Payment/Performance/Surety/Miller Act - Failure to pay costs incurred in the amount of $367,925.11 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Washington, DC |
| DATE AND HOUR OF SERVICE: | By Messenger on 08/13/2013 at 14:00 |
| JURISDICTION SERVED: | District of Columbia |
| APPEARANCE OR ANSWER DUE: | Within 20 days after service of this summons, exclusive of the day of service or within 60 days after service of this summons if it is the United States Government |
| ATTORNEY(S) / SENDER(S): | Joshua G. Whitaker
1936 Eastern Avenue
Baltimore, MD 21231
888-367-0383 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 08/13/2013, Expected Purge Date: 08/18/2013
Image SOP
Email Notification, Barbara Hyman barbara.hyman@cna.com |
| SIGNED:
PER:
ADDRESS:

TELEPHONE: | C T Corporation System
Mark Diffenbaugh
1015 15th Street, N.W.
Suite 1000
Washington, DC 20005
202-572-3133 |

RECEIVED
AUG 14 2013
H. O. SURETY CLAIMS

Page 1 of 1 / SR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT 1



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

BIASTAR MECHANICAL, INC.
Vs.
THE CONTINENTAL INSURANCE COMPANY

C.A. No.   2013 CA 004787 B

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge BRIAN F HOLEMAN
Date: July 15, 2013
Initial Conference: 9:30 am, Friday, October 18, 2013
Location: Courtroom 214
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Baistar Mechanical Inc.
_____
Plaintiff

vs.

The Continental Insurance Comp
_____
Defendant

Case Number **13-0004787**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Joshua Whitaker #497898
_____
Name of Plaintiff's Attorney

1936 Eastern Ave.
_____
Address
Baltimore MD 21231

888-367-0383
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Dê có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    ያስተርጓሚ ከፈለጉ በ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011

CASUM.doc



# TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
## DIVISIÓN CIVIL
### 500 Indiana Avenue, N.W., Suite 5000
### Washington, D.C. 20001 Teléfono: (202) 879-1133

_____ Demandante

contra

Número de Caso: _____

_____ Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante

Por: _____
Subsecretario

Dirección

Fecha _____

Teléfono
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    ያማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANTE:** SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

RECEIVED
Civil Clerk's Office
JUL 1 5 2013
Superior Court of the
District of Columbia
Washington, D.C.

IN THE SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA

BAISTAR MECHANICAL, INC. )
14640-D Flint Lee Road )
Chantilly, VA  20151 )
 )
       *Plaintiff*, )
 )
v. )
 )
THE CONTINENTAL INSURANCE )
   COMPANY )
333 S. Wabash Ave )
41st Floor )
Chicago, IL 60604. )
 )
       *Defendant.* )
 )

Civil Action No. 13-0004787

## COMPLAINT

Plaintiff Baistar Mechanical, Inc. ("Baistar"), by and through undersigned counsel, does hereby complain against Defendant The Continental Insurance Company ("Surety") (collectively, the "Parties"), for breach of contract, states as follows:

### PARTIES

1. Plaintiff is a corporation of State of Maryland, but having it principal place of business in the Commonwealth of Virginia

2. Defendant The Continental Insurance Company is a corporation of the Commonwealth of Pennsylvania, with its resident agent in the District of Columbia as CT Corporation, 1015 15th St, N.W., Washington, D.C. 20005-2605.

### JURISDICTION AND VENUE

3. Plaintiff brings this action against Defendant pursuant to the legal and equitable power of the Superior Court of the District of Columbia, which is vested with the authority to

review claims by D.C. Code § 11-921(a)(6), under which this Court has jurisdiction over "any civil action or other matter, at law or in equity, brought in the District of Columbia."

4. This action is properly brought in Superior Court because the amount in controversy exceeds $5,000.

5. Venue is proper in this Court because the Defendant regularly conducts business in the District, and the contractual agreement that the Plaintiff is an intended beneficiary of requires that any suit be brought in the jurisdiction in which the underlying construction project was undertaken.

## FACTS

6. Baistar is a mechanical construction corporation, GSA Schedule and 8A Certified, specializing in HVAC contracts.

7. Surety in the business of, among other things, issuing performance and payment bonds in connection with construction projects.

8. Grunley Construction Company ("Grunley") is a major construction company operating in and throughout this region.

9. On or about November 5, 2008, Grunley entered into a contract ("Prime Contract") with The Federative Republic of Brazil ("Brazil"), requiring Grunley to renovate and refurbish the Chancery Building of the Brazilian Embassy located at 30006 Massachusetts Avenue, NW, Washington, D.C. ("Project").

10. As part of the Project, Grunley was required to obtain performance and payment bonds, which it did through written agreement with Surety, on or about November 11th, 2008, memorialized in Payment Bond(s) Number 929465573/017023480.

11. In November or early December, 2008, Baistar and Grunley entered into

discussions for Baistar to perform a significant subcontractor role in the Project, with contractual terms being exchanged on or about December 15th, 2008 ("Subcontract") and ratified at a date in early 2009, without substantial change.

12. Grunley has never formally notified Baistar of any "drawback" charges in relation to the Subcontract, as it is required to do under the terms of the same.

13. On or about September, 2011, Grunley sued Brazil in United States District Court for the District of Columbia, alleging that Brazil caused delays in Grunley's performance of the Prime Contract, which Grunley alleged caused it some $2,235,000 in delay damages. *Grunley Constr. Co., Inc., v. The Federative Republic of Brazil*, Case No. 1:11-cv-01652 (D.C.D.C.) ("Brazil Suit").

14. Baistar performed and provided all required tasks and materials under the Subcontract and any written and directed change orders.

15. Baistar has invoiced and demanded payment, as early as February 23rd, 2011, for the base Subcontract amount of $2,660,700.00, along with approved change orders authorized and performed in the amount of $331,101.00, for a total performed and invoiced amount of $2,991,801.00.

16. To date, Grunley has paid Baistar $2,623,875.89 for Baistar's performance on the Project.

17. Therefore, Grunley owes, separate and apart from any delay or disruption claim made by Baistar against Grunley, but instead just under the base Subcontract, and for which Grunley has admitted it has been paid, Baistar the sum of $367,925.11, and in fact has owed Baistar that money since early 2011.

18. On December 7th, 2012, Grunley settled the Brazil Suit, in exchange for which the

Federative Republic of Brazil agreed to pay Grunley its remaining contract balance within 21 days.

19. As part of that settlement of the Brazil Suit, the Federative Republic of Brazil released Grunley and its subcontractors "from all demands, disputes, obligations, undertakings, claims, actions and causes of action of every kind or nature (known and unknown, present and future) that arise out of or are in any way related to the Project." Prime Contract, Contractual Modification of December 7th, 2012, Para. 4.2.

20. As part of that settlement of Brazil Suit, Grunley agreed to "pay, discharge or otherwise resolve any lien or claim for payment asserted by any of its subcontractors on the Project." Id., Para. 5.2.

21. On February 8th, 2013, Baistar again made a demand for payment, via invoice, to Grunley.

22. Baistar, through counsel, submitted a claim to Surety on August 31st, 2012.

23. On October 18th, 2012, in response to Surety's request, Baistar provided Surety with additional Project documentation.

24. Surety then denied payment, citing the ongoing Brazil Suit litigation.

25. Grunley was paid its own Prime Contract amount as of December 21st, 2012, when it dismissed the Brazil Suit with prejudice.

26. On June 22nd, 2013, Baistar submitted revised cost information and documentation to Surety, demanding the amount included in Baistar's revised invoice to Grunley, to wit $367,925.11.

27. Grunley has not paid Baistar the demanded amount.

28. Despite Baistar's demands, Surety has failed to make any payment to Baistar for

the invoiced and accepted work, for which Grunley has been paid.

29. Baistar has waited the contractually-required period after making a demand prior to instituting this suit, and less than a year has lapsed since work was performed on the Project and or since a demand was made against the Payment Bond.

## COUNT I
## (Breach of Payment Bond)

30. Plaintiff incorporates by reference the allegations of each of the foregoing paragraphs as if specifically re-alleged herein.

31. Baistar fully or substantially performed the Subcontract with quality work based on Brazil's equipment and performance specifications, and overall up to the industry standards for a project of this type.

32. Surety owes a contractual duty to Baistar under the Payment Bond to pay the costs Baistar incurred in paying Baistar for its work under the Subcontract for the Project, in the principal amount of $367,925.11.

33. Surety has materially breached this duty by failing to pay Baistar for the costs incurred by Baistar in completing its work for the Project.

34. Surety's breach of the Payment Bond has substantially harmed Baistar

35. All conditions precedent to Baistar's recovery under the Payment Bond have been satisfied and/or waived.

**WHEREFORE**, Plaintiff, Baistar Mechanical, Inc., respectfully requests that this Court enter judgment in its favor and against The Continental Insurance Company, in an amount not less than $367,925.11, together with attorneys' fees, interest, costs, and such further relief as deemed appropriate.

RESPECTFULLY SUBMITTED,

DATED: July 12, 2013

_____
Joshua G. Whitaker, Esq.
DC Bar Number 493898
whitaker@adelphilaw.com
1936 Eastern Avenue
Baltimore, MD 21231
Tel./Fax: 888-367-0383

*Attorney for Plaintiff Baistar Mechanical, Inc.*